1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JEZIGN LICENSING, LLC, a New York
Limited Liability Company,

                              Plaintiff,

v.

MAXIMA APPAREL CORP., a New
York Corporation; MAXIMA
ECOMMERCE HOLDINGS LLC, a New
York Limited Liability Company;
MAXIMA GLOBAL HOLDINGS LLC, a
Delaware Limited Liability Company; and
HUDSON OUTWEAR INC., a New York
Corporation,

                              Defendants.

Case No.: 20-CV-1438-JLS (AGS)

**ORDER GRANTING MOTION TO
DISMISS FOR IMPROPER VENUE**

(ECF No. 12)

        Presently before the Court is Defendants' Motion to Dismiss ("MTD," ECF No. 12)
Pursuant to Federal Rules of Civil Procedure 4(m), 12(b)(2), and 12(b)(3).  Specifically,
Defendants seek to dismiss the action for lack of service, lack of personal jurisdiction, and
improper venue.  *See generally* MTD.  Also before the Court are Plaintiff's Response in
Opposition ("Opp'n," ECF No. 13) to Defendants' MTD, and Defendants' Reply ("Reply,"
ECF No. 14) in Support of the MTD.  The Court vacated the hearing on the matter and
took the MTD under submission without oral argument pursuant to Civil Local Rule

1   7.1(d)(1).  ECF No. 15.  After considering the Parties' arguments and the law, the Court

2   **GRANTS** Defendants' Motion to Dismiss.[1]

3                                   **BACKGROUND**

4          Plaintiff Jezign Licensing, LLC ("Plaintiff") is a company that specializes in the

5   design and technology of illuminated footwear.  Complaint ("Compl.") ¶ 7, ECF No. 1.

6   Jez Marston filed Patent Application No. 29/217,103 on November 15, 2004, which issued

7   as U.S. Design Patent No. D554,848 (the "'848 patent") on November 13, 2007.  *Id.* ("Ex.

8   A," ECF No. 1-2).  Patent Application No. 29/217,103 was a continuation-in-part of Patent

9   Application No. 10/386,509, filed on March 13, 2003, which issued as U.S. Patent No.

10  6,837,590, itself a continuation-in-part of Patent Application No. 09/963,787, filed on

11  September 27, 2001, now abandoned.  *See generally id.*  The '848 patent is assigned to

12  Plaintiff.  *See generally id.*

13         Defendants Maxima Apparel Corp., Maxima Ecommerce Holdings LLC, Maxima

14  Global Holdings LLC, and Hudson Outwear Inc. (collectively, "Defendants") are the

15  defendants in suit.  An unnamed separate Maxima Affiliate[2] sold Hoverkicks Super Nova

16  LED sneakers (the "Accused Sneakers") between 2014 and 2015.  MTD at 1.  A factory in

17  China designed, created, and manufactured the Accused Sneakers, which were then sold

18  by the Maxima Affiliate.  Declaration of Aaron Barak ("Barak Decl.") ¶ 12, ECF No. 12-

19  1.  The Maxima Affiliate sold the Accused Sneakers through a no-longer active online

20  ecommerce site.  *Id.* ¶ 13.

21         Plaintiff filed a Complaint against Defendants, accusing them of direct infringement

22  of the '848 patent.  *See generally* Compl.  Plaintiff requested, *inter alia*, the following

23  relief: (1) a preliminary and permanent injunction against Defendants from manufacturing,

24  distributing, or selling any product that infringes the '848 patent; (2) disgorgement of

---

[1]  Because the Court's ruling on the propriety of venue is dispositive of the MTD, the Court will not consider Defendants' arguments on lack of service or lack of personal jurisdiction.

[2]  Defendants allege the Maxima Affiliate is now defunct.  MTD at 1.

profits; (3) lost profits; (4) treble damages; (5) punitive and exemplary damages; and (6) a declaration that the case is exceptional, which would entitle Plaintiff to an award of reasonable costs and attorneys' fees under 35 U.S.C. § 285.  *Id.* at 5.  In response, Defendants filed the present MTD.  *See generally* MTD.

## LEGAL STANDARD

Section 1406(a) of Title 28 of the United States Code provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Pursuant to Federal Rule of Civil Procedure 12(b)(3), a party may move to dismiss an action for improper venue.  In deciding a Rule 12(b)(3) motion, a court need not accept the pleadings as true and may consider facts outside the pleadings.  *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004).  Upon a motion by the defendant challenging venue in a patent case, the burden of establishing proper venue shifts to the plaintiff.  *In re ZTE Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).

In patent infringement actions, venue is proper "in the judicial district where the defendant resides, *or* where the defendant has committed acts of infringement *and* has a regular and established place of business."  28 U.S.C. § 1400(b) (emphasis added).  Section 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions."  *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017).

For purposes of the first prong of § 1400(b), a defendant resides only in its state of incorporation.  *Id.* at 1517.  The second prong of § 1400(b) has two parts, requiring that alleged acts of infringement by the defendant occurred in the district and that the defendant has a "regular and established place of business" in the district.  Alleged actions of infringement should be specific, rather than general, to satisfy § 1400(b).  *See Prolacta Bioscience, Inc. v. Ni-Q, LLC*, No. CV 17-04071, 2017 U.S. Dist. LEXIS 217030, at *12 (C.D. Cal. Aug. 7, 2017).

///

## ANALYSIS

Defendants argue that Plaintiff fails to establish that venue is proper in the Southern District of California (the "District") because: (1) Defendants are not incorporated in this state; and (2) Plaintiff has not specifically identified acts of infringement by the Defendants in the District, nor do Defendants maintain a regular and established place of business in this District. *See generally* MTD. In other words, Defendants allege that Plaintiff has failed to satisfy either prong of § 1400(b). *See generally id.* The Court agrees with the Defendants.

Regarding the first prong of § 1400(b), all the Defendants, as well as the Maxima Affiliate, are—or in the case of Maxima Affilate, were—incorporated in either New York or Delaware,[3] and thus no Defendant is incorporated in the District. *Id.* at 1. Plaintiff does not contest this. *See generally* Opp'n. Thus, venue is not proper for any Defendant under the first prong of § 1400(b).

Turning to the first part of the second prong of § 1400(b), Plaintiff has failed to identify any specific acts of infringement committed by Defendants in the District. *See* Compl. at 4. Indeed, Plaintiff only alleges that the acts of infringement occurred in the United States, without any indication that the acts happened in California, let alone in the District specifically. *See id.* Thus, Plaintiff has failed to describe any specific acts of infringement that occurred in the District.

Finally, the second part of the second prong of § 1400(b) requires that Defendants have a "regular and established place of business" in the District. To satisfy the "regular and established place of business" requirement, "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). The defendant must have "a physical, geographical location in the district from which the

---

[3] Maxima Apparel Corp., Maxima Ecommerce Holdings LLC, and Hudson Outwear Inc. are incorporated in New York, the defunct Maxima Affiliate was incorporated in New York, and Maxima Global Holdings LLC is incorporated in Delaware. MTD at 3.

20-CV-1438-JLS (AGS)

business of the defendant is carried out." *Id.* at 1362.  The defendant's place of business must be regular, rather than sporadic, as well as established, rather than transient.  *Id.* at 1362–63.  The defendant's place of business must be owned, leased, or otherwise possessed or controlled by the defendant itself.  *Id.* at 1363–64.

Defendants aver that they do not have "any employees or agents in California, lease or own offices or any other real property in California, utilize third-party manufacturers or warehouses in California, pay taxes in California, maintain any bank accounts in California, have a California telephone number or listing or have any physical presence in California."  MTD at 1.  Plaintiff fails to dispute a single one of these statements.  *See generally* Opp'n.  Therefore, the Court finds that Plaintiff has not carried its burden of establishing that venue is proper in the District.  *See In re ZTE*, 890 F.3d at 1013.

Plaintiff urges this Court to apply 28 U.S.C. § 1404(a) to the present action.  *See* Opp'n at 5–7.  However, a § 1404(a) analysis of the parties' convenience is available only if the transferor court is a proper venue.  *See Griffith v. Boll & Branch, LLC*, No. 19-cv-1551, 2020 U.S. Dist. LEXIS 18247, at *17 (S.D. Cal. Feb. 3, 2020).  Such is not the case here, as the Court has concluded that this District is not a proper venue.  *See supra*.  Thus, the factors that Plaintiff relies on for transfer of venue are inapplicable.  *See* Opp'n at 5–6.

Whether to dismiss a case or to transfer it to a proper venue is at the discretion of the district court.  *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).  A plaintiff's failure to even attempt to meet its burden to show proper venue is a factor that weighs in favor of dismissal.  *Cart & Supply, Inc. v. Everstrong Commer. Prods., LLC*, No. CV 18-3932, 2018 U.S. Dist. LEXIS 226143, at *5 (C.D. Cal. Oct. 11, 2018).  Here, since Plaintiff does not contest a single one of Defendants' arguments for why venue is improper, *see generally* Opp'n, the Court chooses to dismiss the Complaint, rather than transfer this action to another court.

///

///

///

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 12), and **DISMISSES** the case in its entirety **WITHOUT PREJUDICE** to refiling in the proper venue.  The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  August 9, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

20-CV-1438-JLS (AGS)